**Erlene S. POSEY, Plaintiff-Appellant,**

v.

**REYNOLDS METALS COMPANY, Defendant-Appellee.**

No. 27992.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1970.

Neil Taylor, Jr., Russellville, Ala., of Taylor & Taylor, Russellville, Ala., for plaintiff-appellant.

Clopper Almon, Vincent McAlister, Sheffield, Ala., for defendant-appellee.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

PER CURIAM:

After the District Court granted partial summary judgment dismissing appellant's claim for long-term disability benefits, a pretrial order was entered into by the parties by which it was stipulated that "the plaintiff's claim has evolved into one count following numerous pleadings. In this count plaintiff claims of the defendant damages in the amount of $3,624 allegedly due under the Reynolds Security Program Sick Pay Benefits." The case was called for trial and a consent judgment in favor of plaintiff was entered in the sum of $736. The remaining count was thus disposed of.

If, despite the pretrial order, stipulations and judgment entered into, there still remains the question of the propriety of summary judgment in favor of defendant-appellee as to appellant's claim for long-term disability benefits, it is our view that summary judgment was proper under the circumstances. It is clear from the exhibits and affidavits that the claim for long-term benefits is properly against Continental Casualty Company which issued a policy group insurance in favor of employees of defendant Reynolds Metals, of which appellant was one. The long-term disability plan was a voluntary one on the part of the employees and premium payments were made by employees by deductions from their salaries at Reynolds, which sums were then forwarded to Continental. The pamphlet literature distributed by Reynolds to its employees clearly stated that the LTD benefits were payable under the provisions of a group policy issued to Reynolds by Continental Casualty Company. Thereafter appellant received a certificate of insurance from Continental Casualty Company describing the benefits in detail. (App. p. 66.) There can be no dispute under the various exhibits and affidavits submitted by the parties that the long-term disability benefits were the liability solely of Continental Casualty Company, and not of defendant. The court below apparently also took judicial cognizance of the pendency of a suit by appellant for the same long-term disability benefits against Continental Casualty Company originally filed in Circuit Court of Colbert County, Alabama, subsequently removed to United States District Court for the Northern District of Alabama, from which the instant appeal is taken. That suit, and not this one, will ultimately determine whether appellant is entitled to such benefits.

Affirmed.